935 F.2d 270
 137 L.R.R.M. (BNA) 2568, 68 Ed. Law Rep. 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William L. JIBSON, Patricia A. Benefiel, Robert F. Croll,
Robert E. Friar, Sandra B. Lewis, James E. Lindsey, Harold
M. Molter, George L. Stengren, David Stewart, Andrew J.
Warber, Plaintiffs-Appellants,
v.
MICHIGAN EDUCATION ASSOCIATION--NEA, Defendants-Appellee.
 No. 89-2060.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michigan Education Association is a labor organization which represents Michigan public school employees for purposes of collective bargaining through more than nine hundred local affiliates. These local affiliates have all entered into collective bargaining agreements with their respective public employer. Each of these collective bargaining agreements contains a provision requiring employees within the bargaining unit who are not members of the local association to pay a service fee. Plaintiffs in this action are nonmember employees who work in bargaining units that are covered by such agreements.
 
 
 2
 On February 14, 1989, plaintiffs filed a complaint under Sec. 1983 seeking a temporary restraining order and/or a preliminary injunction to enjoin the collection of service fees by the Michigan Education Association for their costs of statutory exclusive representation. The complaint alleged that the MEA's collection procedures did not provide all the procedural safeguards required by Chicago Teachers Union Local No. 1, AFT, AFL-CIO v. Hudson, 475 U.S. 292 (1986). Specifically, plaintiffs alleged that the information provided to nonmembers was inadequate and insufficient to enable nonmembers to intelligently to assess the propriety of the fee calculation and decide whether a challenge to it was worth pursuing.
 
 
 3
 MEA's collection procedures were adopted in January 1989 and were the result of over ten years of litigation. In Lehnert v. Ferris Faculty Ass'n, 643 F.Supp. 1306 (W.D.Mich.1986), aff'd on other grounds, 881 F.2d 1388 (6th Cir.1989), the former collection procedures of the MEA were held by the district court to be inadequate under the standards set forth in Hudson. The district court retained jurisdiction for the sole purpose of determining if and when the MEA and its affiliates have adopted constitutional procedures. Id. at 1335. On January 3, 1989, the district court approved the MEA's revised procedures. Lehnert v. Ferris Faculty Ass'n, 707 F.Supp. 1490 (W.D.Mich.1989), aff'd per curiam, No. 89-1101 (6th Cir. Dec. 12, 1989).
 
 
 4
 On May 30, 1991, the Supreme Court rendered its opinion in the original Lehnert v. Ferris Faculty Ass'n, --- U.S. ---- (No. 89-1217). In that decision the Supreme Court determined that MEA's collection procedures inappropriately charged certain union activities to nonmember employees. In light of this determination by the Supreme Court and in light of the fact that certain accounting procedures originally upheld in the first appeal of Lehnert v. Ferris Faculty Ass'n had been reversed, this case is remanded to the district court to be considered in light of the Supreme Court decision rendered May 30, 1991.